THE MIDLAND ELEVATOR COMPANY, Respondent, v.
JAMES CLEARY, Appellant.

Kansas City Court of Appeals, December 4, 1893 and
January 29, 1894.

1. **Sales:** TENDER OF GOODS: QUALITY. Defendants sold plaintiff, to be
delivered in fifteen days, six thousand bushels of wheat at seventy-six
cents if number 2 and seventy-three cents if number 3, and both
parties interpreted the contract to mean a portion might be number
2 and a portion number 3. Defendant presented plaintiff a sample
of one portion, claiming it as number 2, which plaintiff claimed was only
number 3 and offered to receive as number 3, but refused to accept it
as number 2; defendant refused to deliver it except as number
2. *Held*, on action for breach of contract in not delivering, the sole
question was, whether the wheat tendered, as under the evidence the
presentation of the sample constituted a tender, was in fact number
2 or number 3. Instructions summarized in the opinion are reviewed:

   (2) The grade of wheat was to be fixed at the place of contract.

   (3) Plaintiff was under no obligation to receive only a part of the
   wheat.

2. **Appellate Practice:** ABSTRACT: TRANSCRIPT: EVIDENCE. Cases in
appellate courts are determined from the abstracts presented and not
from the records, and especially when the appellant's abstract set
forth at length the testimony and is accepted by the respondent as
being complete and correct, the appellate court cannot be asked to
examine the records to determine what the evidence is.

*Appeal from the Carroll Circuit Court.*—HON. E. J.
BROADUS, Judge.

REVERSED AND REMANDED.

*Hale & Son, J. W. Sebree* and *L. A. Holliday* for
appellant.

(1) The court erred in allowing a letter written by
respondent's clerk in Kansas City to Market, its

manager in Norborne, to be read in evidence to the jury. It was clearly hearsay, and contained a proposition to be submitted to Cleary which was not within the contract or in issue on the trial. The wheat was to be graded in Norborne, and the court so tells the jury in the second instruction given for defendants below. *Cobb v. McDaniel*, 33 Mo. 363. (2) The court erred in giving instruction number 1 for plaintiff. Defendants were not bound to deliver the whole six thousand bushels at once without saying anything about grades under the facts of this case. Appellant had a right to present a fair sample of their wheat to have it inspected and graded in advance of delivery, from the nature of the property, which could not all be presented in bulk for grading. We insist that is the usual course of business in such matters, of which the court will take judicial note. *Garth v. Caldwell*, 72 Mo. 622. (3) The court erred in giving the second instruction for plaintiff. Defendants had the right to present a sample of their wheat for the purpose of having the same graded or agreeing on grade. Two grades are mentioned in the contract, numbers 2 and 3, and different prices are agreed on for each grade, and defendants had the right to insist on grading the wheat in advance of delivery. The parties themselves by their course of dealing have construed this contract. *Ellis v. Harrison*, 104 Mo. 279; 65 Mo. 545. (4) The third instruction given for plaintiff is not supported by the testimony and ought not to have been given and was misleading. *Donahoe v. Railroad*, 83 Mo. 560; *Fitzgerald v. Haywood*, 50 Mo. 516, 517; *Mansur v. Botts*, 80 Mo. 651. (5) On the theory of plaintiff's instructions the court erred in refusing instruction number 4 offered by defendants. (6) Instructions 6 and 7 should have been given. Plaintiff was bound to receive all the wheat offered which was

in fact number 3, about which there was dispute as to grade. The evidence shows that the memorandum sued on was several as to defendants, and also as to the subject-matter of sale, and not joint. *Amonett v. Montague et al.*, 63 Mo. 201, *et seq.*

*Morton Jourdan* for respondent.

(1) No error was committed by the court in allowing the letter written by respondent to Mr. Market, its agent at Norborne, to be read in evidence. *Lindauer v. Meyberg*, 27 Mo. App. 185. (2) Instruction number 1 for plaintiff did not require, as appellant suggests, the delivery of six thousand bushels of wheat at once; it simply told the jury that defendant had no right to require plaintiff to agree in advance of the delivery of the wheat that it would accept or pay for the same as number 2 or number 3. (3) Defendant had no right to require plaintiff to inspect and grade a sample of the six thousand bushels of wheat and to agree to receive and accept the wheat as of the same grade. Such a proposition is absurd. (4) Instruction number 3 was correct. (5) So far as plaintiff was advised, defendants had no number 2 wheat. Plaintiff also, under the contract, had a right to require the delivery of the amount contracted, and to refuse to accept only a portion of it. (6) Instruction number 4, asked by defendants, was properly refused. Benjamin on Sales [3 Ed.], p. 680.

ELLISON, J.—This action is for damages for failure to deliver wheat and is based upon the following contract for the sale of such wheat:

"NORBORNE, Mo., STATION, July 30, 1891.

"This is to certify that I have this day sold to the Midland Elevator Co. six thousand bushels wheat to be

delivered at Norborne within 15 days at 76 cts. per bushel if No. 2, and 73 cts. per bushel if No. 3.

"JAMES CLEARY,

"C. D. HAMILTON."

Defendants pleaded a tender of the wheat as per contract, and that plaintiff refused to receive or pay for the same. Judgment was given for plaintiff.

The case shows that the parties interpreted this contract as meaning that a portion of the wheat might be of number 2 quality and a portion of number 3. The evidence shows without question that defendant Cleary, presented to plaintiff's agent at Norborne a sample of a portion of his wheat which the agent pronounced to be number 3 quality, and defendant number 2 quality. The evidence further shows that defendant Cleary, presented a sample of the remainder of his wheat which both agreed was number 3 quality. The evidence shows that plaintiff's agent and Cleary were unable to agree as to the quality of the first lot, and the result of their parleying, including defendant Hamilton, was that plaintiff's agent declared he would not receive the wheat as number 2, but would take it all as number 3; that he would not take any unless he got the whole amount contracted for. The evidence discloses that the whole case should depend upon which of the parties were right as to the grade of the first lot of grain. If it was not number 2, and defendant refused to deliver unless accepted as number 2, plaintiff had a right to refuse to accept it. On the other hand, if it was number 2, and plaintiff refused to take it except as number 3, then his refusal was wrong and he should not be permitted to prevail in this action. This would be simple enough and the case could be easily disposed of, were it not complicated by the instructions. Plaintiff's instructions were intended to, and do, convey the idea that plaintiff was not bound to

say whether he would take the wheat of which that first shown him was said to be a sample; that plaintiff had a right to determine that question as actual delivery should be made. Defendants grew the wheat on farms near by, and having threshed it brought the samples to plaintiff's agent as before stated. This was evidently done as a tender and it was accepted by plaintiff's agent as such. He made no objection thereto on that ground. He, in effect, said, I will accept the wheat, of which this is a sample, as number 3, I refuse it as number 2. He practically told defendant that if that was the kind of wheat he had he need not bring it in as number 2. He accepted defendant's act as a tender. The question was thus left whether the wheat was of grade number 2 or number 3, and this was an issue for the jury. Plaintiff's instructions numbers 1 and 2 were, therefore, not justified by the evidence and should have been refused. Plaintiff's instruction number 3 is more consistent with what we have written, and as such we think it was properly given.

Plaintiff's instruction number 4 seems to concede a tender, and declares that, "although the jury may believe that defendant Cleary tendered a portion of the wheat described in the contract between the parties dated July 30, 1891, yet, if such tender was accompanied with a demand or requirement that said wheat should grade number 2, then the same is not a tender as contemplated by the instructions, and the finding will be for plaintiff."

We think this was not a proper instruction under the peculiar facts of this case. We are, of course, aware that, technically, a tender should be unconditional, but in this case the wheat under the contract, as interpreted by the parties, might be of two grades, and defendant made an offer as being one of these grades and it was refused; whether rightfully or wrongfully

Elevator Co. v. Cleary.

refused, is, as before stated, a question of fact. If the wheat was, in fact, a number 2 grade, the offer, or tender, and refusal exculpated defendants. Therefore defendant's instruction number 4, which was refused, should have been given. Defendants' refused instruction number 7 will be unnecessary on another trial, in view of other instructions which have met our approval. Instruction number 5 was properly refused, as the proof of a tender or offer of the wheat devolved upon defendants.

Defendants' refused instruction number 6 was properly refused as written. It was, perhaps, unnecessary at all. But it should, at least, include the hypothesis of plaintiff having wrongfully refused the wheat offered as number 2.

We will state, since the question may arise on another trial, that the grade of the wheat must be fixed at Norborne. We are of the further opinion that plaintiff was under no obligations to receive only a part of the wheat contracted for. We are, further, of the opinion that there was no reversible error in admitting the letter in evidence under the circumstances detailed as to its being written and received, though it was not proper evidence.

Defendants' instruction number 3, which was given by the court, ought, on another trial, to have the word "delivery" instead of the first word "tender;" and it should have added at the end thereof the words "it only being necessary that all be delivered within the time stated in the contract."

The judgment will be reversed and the cause remanded. All concur.

### ON MOTION FOR REHEARING.

A full re-examination of this case has satisfied us that plaintiff's motion for a rehearing should be denied.

In the first place, we are called upon to examine the transcript in order that we may see that we misinterpreted, or misunderstood, or overlooked some of the principal evidence in the cause. In view of the great number of cases in the supreme court and in the courts of appeals, which have explicitly decided that cases on appeal will be determined from the abstracts as presented and not from the record, it is strange that we should now be asked to turn to the record. The request that we read the record is the more surprising, when we find from plaintiff's original brief that the abstract as presented by defendants "set forth at length" the testimony "and is accepted by respondent as being complete and correct, with the exception of the letter written by respondent to its agent at Norborne." This letter is then set out.

From the evidence thus set forth "complete and correct" we could come to but one conclusion as to the instructions. Plaintiff's evidence establishes, beyond cavil, that it acted upon the sample presented. The agent *inspected it without objection and passed upon its quality*. His determination of its quality was not satisfactory to defendant Cleary. The agent testified, that "a short time after the contract was made James Cleary, one of the defendants, brought in a small sample of the wheat, probably a peck. I examined it and graded it number 3. He insisted that it was number 2, * * * I told him that I could not grade it anything but number 3." The agent then went on to say that defendant informed him that, unless he would grade it as number 2, he, defendant, would not let him have any—that he would ship it himself. That he examined and graded the second sample, being a sample of the other lot of wheat, and graded that as number 3, also, and that to the grade of this sample defendant did not object, though insisting that the first

lot was number 2. He then testified that he told Cleary "that unless he delivered the whole 6000 bushels as number 3, I wouldn't take any of it." So the other witnesses and employees of plaintiff testified as to the wheat being examined and graded and that the only difficulty was the disagreement as to the grade of the first lot; one party insisting that unless he was to get it as number 3, he would not have it at all, and the other party insisting that unless it was taken as number 2, he would not let him have it. The case showed that defendants had the wheat and that the small lots examined and graded were samples of the wheat. No question was made of this. Nor was any question made, or suggested, by the evidence at the trial, as to defendants not having the right to require plaintiff to pass upon the wheat in advance of its delivery, or of plaintiff's right to refuse to do so. Regardless of what they may have had a *right* to require, they did *not require* it. And yet the instructions are upon a theory of rights unclaimed and entirely inconsistent with the whole line of conduct which the agent adopted. The point is insisted upon, that the agent testified that there was no tender. His testimony throughout is exactly the contrary. It is true that he says, during the course of his testimony, that "Cleary never tendered or delivered any wheat *except the two samples;*" but it was these samples which he graded and passed upon and as the result of which, he informed defendant Cleary that he would not have it. If he would not take it, and so stated, it certainly would be a useless, as well as senseless, performance to produce the wheat in bulk at his place of business.

The motion is without any merit and is overruled. All concur.